OPINION
{¶ 1} Defendant-appellant Frank Warren appeals from the December 29, 2004, Judgment Entry of the Stark County Court of Common Pleas which classified appellant as a sexual predator. The plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In 1995, appellant was indicted on one count each of kidnapping, rape, felonious assault and felonious sexual penetration. Subsequently, appellant entered into a negotiated plea agreement with the State. Appellant agreed to plead no contest in exchange for the dismissal of the rape, felonious assault and felonious sexual penetration charges and a reduction of the kidnapping charge. The kidnapping charge was amended to reduce it from a first degree felony to a second degree felony. Kidnapping is a second degree felony when the offender releases the victim unharmed in a safe place. Accordingly, the indictment was amended to indicate that the offense was a second degree felony "by reason of the fact that the victim was released unharmed in a safe place." See R.C. 2905.01(C) (Pre-S.B. 2). The trial court accepted plaintiff's no contest plea and found appellant guilty of the amended kidnapping charge. Appellant was sentenced to an indeterminate term of incarceration of three to 15 years.
 {¶ 3} Appellant appealed. On March 10, 1997, this court affirmed appellant's conviction and sentence. State v. Warren (March 10, 1997), Stark App. No. 1995-CA-00386, 1997 WL 116981, delayed appeal dismissed,State v. Warren (1997), 79 Ohio St.3d 1459, 681 N.E.2d 441.
 {¶ 4} Subsequently, appellant filed multiple motions and petitions seeking relief from this conviction and sentence. Each was denied.
 {¶ 5} Relevant to this appeal is a "Motion for a Sexually Oriented Classification Hearing Pursuant to O.R.C. [sec.] 2950.09" that appellant filed on June 18, 2004. In the motion, appellant, acting pro se, asked the trial court to conduct a hearing "for the determination and/or classification whether to be a Sexual Predator, Habitual Sex Offender, or Sexually Oriented Offender." Appellant asserted that the Ohio Adult Parole Authority had classified appellant as a sexually oriented offender without due process.
 {¶ 6} On December 20 and 21, 2004, the trial court conducted a classification hearing pursuant to R.C. 2950.09. At the conclusion of the hearing, the trial court classified appellant as a sexual predator. In so doing, the trial court made the following findings:
 {¶ 7} "That the defendant was found guilty by the Court of 1 Ct. Kidnapping, R.C. Section 2905.01, after a plea of no contest on October 30, 1995.
 {¶ 8} "That in listing sexually oriented offenses, R.C. Section 2950.01(D)(1)(c) states as follows:
 {¶ 9} "Regardless of the age of the victim of the offense, a violation of Section 2903.01, 2903.02, 2903.11, or 2905.01 of the Revised Code, or of division (A) of section 2903.04 of the Revised Code, that is committed with a sexual motivation.
 {¶ 10} "The Court further finds based upon the Medical Records in the Court's file as well as based upon State's Exhibit 5, the transcript of the Preliminary Hearing prepared by Deborah J.S. Reichel, dated 09/01/95, that the offense was committed with a sexual motivation. Specifically, that the defendant forced the victim to perform fellatio on him, and that he anally penetrated her with an object.
 {¶ 11} "Additionally, the Court finds based upon the evidence that the defendant displayed cruelty by putting a gun in the victim's mouth, striking the victim with the gun, threatening to kill her, and shaving both her head and her genital area. The court finds that this took place over a period of several hours and as such, that the conduct is a demonstrated pattern of abuse."
 {¶ 12} It is from the trial court's classification of appellant as a sexual predator that appellant appeals, raising the following three assignments of error:
 {¶ 13} "I. THE COURT ERRED AS A MATTER OF LAW WHEN IT LABELED THE APPELLANT FRANK WARREN A SEXUAL PREDATOR CONTRARY TO R.C. 2950.09(C)(2)(b).
 {¶ 14} "II. THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT MR. FRANK WARREN BY LABELING HIM A SEXUAL PREDATOR WHEN THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED SHOWED THAT HE HAD NOT COMMITTED A SEXUALLY ORIENTED OFFENSE.
 {¶ 15} "III. THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT MR. FRANK WARREN BY LABELING HIM A SEXUAL PREDATOR WHEN IT FOUND THAT MR. WARREN IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
 I {¶ 16} In the first assignment of error, appellant contends that the trial court erred, as a matter of law, when it classified appellant as a sexual predator despite the fact that the Department of Rehabilitation and Correction made the determination that appellant was a sexually oriented offender rather than a sexual predator. Appellant concludes that the trial court's determination violates R.C. 2950.09(C)(2)(b). We disagree.
 {¶ 17} Revised Code 2950.09(C)(2)(b) states as follows:
 {¶ 18} "(b) If the department [of rehabilitation and correction] sends to the court a determination that it is not recommending that an offender be adjudicated a sexual predator, the court shall not make any determination as to whether the offender is, or is not, a sexual predator . . ."
 {¶ 19} In this case, the Department of Rehabilitation and Correction made no recommendation to the trial court recommending that appellant be classified as a sexual predator.[1] Appellant contends that since the Department had not recommended that appellant be classified as a sexual predator, pursuant to R.C. 2950.09(C)(2)(b), the trial court could not classify appellant as a sexual predator.
 {¶ 20} Appellant misconstrues R.C. 2950.09(C)(2)(b). Admittedly, the Department of Rehabilitation and Correction had not recommended that appellant be classified as a sexual predator. However, the Department of Rehabilitation and Correction had not made any recommendation. Since the Department of Rehabilitation and Correction had not made any recommendation, R.C. 2950.09(C)(2)(b) is not relevant nor applicable to appellant's situation. Thus, the trial court did not violate R.C. 2950.09(C)(2)(b) when it classified appellant as a sexual predator.
 {¶ 21} Accordingly, appellant's first assignment of error is overruled.
 II {¶ 22} In the second assignment of error, appellant asserts that the trial court's determination that he be classified as a sexual predator was against the manifest weight of the evidence because he had not committed a sexually oriented offense. We disagree.
 {¶ 23} We review this assignment of error under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279, 376 N.E.2d 578. See State v. Cook, 83 Ohio St.3d 404,1998-Ohio-291, 700 N.E.2d 570. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.
 {¶ 24} Revised Code 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Kidnapping is a sexually oriented offense if it is committed with a sexual motivation. R.C. 2950.01(D)(1)(c).
 {¶ 25} In this case, the trial court concluded that appellant committed kidnapping with a sexual motivation based upon a review of the medical records and a transcript of the preliminary hearing. However, appellant contends that the trial court could not consider that evidence.
 {¶ 26} Appellant contends that, pursuant to the plea agreement, he was convicted of second degree kidnapping only. See R.C. 2905.01(C) (Pre-S.B. 2). Appellant asserts that, through the plea agreement, he and the State agreed that the victim was released safe and unharmed. Appellant argues that the plea agreement should supercede any evidence that contradicts it or pre-dates the plea agreement. Appellant argues that the evidence that the trial court relied upon to make its findings was always contested by appellant, as evidenced by his no contest plea, and pre-dates the plea agreement. Further, appellant notes that a transcript of the plea hearing is no longer available so the facts are not clear.
 {¶ 27} We find that the trial court did not err in considering the medical records and transcript from the preliminary hearing. Revised Code 2950.09(B)(3) sets forth the relevant factors a trial court is to consider in making its determination of whether an offender is a sexual predator:
 {¶ 28} "In making a determination . . . as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 29} "(a) The offender's or delinquent child's age;
 {¶ 30} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 31} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 32} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 33} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 34} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 35} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 36} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 37} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 38} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 39} From these factors, it is apparent that the Ohio Legislature meant for the trial court to consider the facts of the offense itself, not just a plea bargain reached between the offender and the State. In fact, it has been held that a defendant's classification is merely a remedial condition imposed upon offenders and, therefore, falls outside the scope of a negotiated plea agreement. State v. Iden (Feb. 16, 1999), Stark App. No. 1997CA00365, 1999 WL 174648. Last, we note that a plea may be reached between the State and a defendant for various reasons. This court will not assume that the plea necessarily reflects the facts of the case. Thus, the plea agreement did not limit the trial court to considering only a factual specification associated with the plea agreement. The trial court was free to consider the evidence of the details of the offense for which appellant was convicted.
 {¶ 40} Further, we see no error in the trial court reviewing and considering the transcript of the preliminary hearing and the medical records submitted by the State in response to appellant's discovery request. The Supreme Court of Ohio has stated that "[a] sexual predator determination hearing is similar to sentencing or probation hearings where it is well settled that the Rules of Evidence do not strictly apply." State v. Cook (1998), 83 Ohio St.3d 404, 425, 700 N.E.2d 570, (citing Evid. R. 101(C)). "[R]eliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge." Cook,supra, at 425, 700 N.E.2d 570. This is because "[r]eliable hearsay bears an indication that its truth is reasonably probable." State v. Baughman,
(May 4, 1999), Franklin App. No. 98AP-929, (citing Our Place, Inc. v.Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570, 571, 589 N.E.2d 1303).
 {¶ 41} Accordingly, this court finds that the trial court did not err in relying upon the preliminary hearing transcript in the instant case because the transcript herein "bears indications that its truth is reasonably probable because the testimony contained therein was given under oath and subject to cross-examination by appellant." State v.Wright (June 23, 1999), Summit App. No. 18941, 1999 WL 420377 (quotingState v. Baughman, supra. Likewise, we see no error in considering the victim's medical records, as provided to the court in response to a discovery request, which had been provided by the medical provider's records custodian. See State v. Senyak (Feb. 11, 1999), Cuyahoga App. No. 72611, 1999 WL 84060; State v. Austin (July 9, 2001), Stark App. No. 2001CA00037, 2001 WL 1772926.
 {¶ 42} Further, upon reviewing the evidence before the trial court, we find that the evidence in this case supports the finding that the kidnapping was a sexually oriented offense. As noted by the trial court, appellant detained his victim and ripped her clothes off. He then forced her at gun point to perform fellatio on him, after which he struck her in the head with the gun. Appellant then dragged her to the bedroom and hog tied her with duct tape. When the piece of tape came off of her mouth, appellant stuck a dirty sock in her mouth. Appellant then placed an object in a towel and proceeded to beat her with this weapon. Finally, appellant shoved something in the victim's anus. This assault lasted several hours. When the victim was examined at the hospital emergency room, she had extensive bruising all over her body. There was a large bruise across her nose, which spread underneath both of her eyes, large bruises on both of her forearms, extensive bruising on the posterior aspect of her left hip, and a laceration on her head. As a final act, appellant shaved the victim's head and genital area. This evidence shows that appellant acted with sexual motivation when he kidnapped his victim. The trial court's finding of sexual motivation is supported by clear and convincing evidence.
 {¶ 43} Accordingly, we find that the trial court's finding that appellant's crime was a sexually oriented offense was not against the manifest weight of the evidence.
 {¶ 44} Appellant's second assignment of error is overruled.
 III {¶ 45} In the third assignment of error, appellant argues that the trial court erred when it classified appellant as a sexual predator because the trial court's finding that appellant is likely to engage in the future in one or more sexually oriented offenses was not supported by sufficient evidence. We disagree.
 {¶ 46} As stated previously, this court's standard of error is that contained in C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279, 376 N.E.2d 578. Accordingly, the trial court's judgment will not be reversed if it is supported by some competent, credible evidence going to all of the essential elements.
 {¶ 47} We find there is sufficient evidence in this case to support the trial court's finding that appellant was likely to reoffend. In deciding an offender's likelihood of recidivism, the trial court is required to consider the factors specified in R.C. 2950.09(B)(3). These factors include the following:
 {¶ 48} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 49} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 50} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 51} The trial court based its findings on appellant's display of cruelty when he put a gun in the victim's mouth, struck the victim, threatened to kill her and the shaved both her head and her genital area. Further, the trial court considered that the ordeal took place over a period of several hours, showing a pattern of abuse.
 {¶ 52} Upon review, we find that the trial court's finding was supported by competent, credible evidence. Appellant's conduct was violent, cruel and not an isolated incident but rather a series of acts which occurred over a significant period of time.
 {¶ 53} Accordingly, appellant's third assignment of error is overruled.
 {¶ 54} The judgment of the Stark County Court of Common Pleas is affirmed.
Edwards, J. Hoffman, P.J. and Farmer, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] The Department had only classified appellant as a sexually oriented offender.